# In the United States Court of Federal Claims

OBINNA-NKEMJIKA OKORO,

                  *Plaintiff*,

   v.

THE UNITED STATES,

                  *Defendant*.

No. 24-176C

(Filed: February 16, 2024)

Obinna-Nkemjika Okoro, Saint Paul, MN, pro se.

Meredyth Cohen Havasy, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Dismissing Complaint for Lack of Jurisdiction**

**SILFEN,** *Judge*.

      Obinna-Nkemjika Okoro filed a complaint in this court seeking damages for false imprisonment and unlawful arrest by Minnesota county officials. This court does not have jurisdiction over Mr. Okoro's claims suing the federal government for civil rights violations and tortious conduct. Thus, the court **dismisses** Mr. Okoro's complaint sua sponte. The court **grants** Mr. Okoro's motion to proceed in forma pauperis.

**I.**    **Background**

      On February 2, 2024, pro se plaintiff Obinna-Nkemjika Okoro filed a complaint in this court alleging that officials from the state of Minnesota, including Hennepin County and Ramsey County, conspired to unlawfully arrest and detain him in county jail for more than 400 days. ECF No. 1 at 4. During this detainment, he alleges he was sexually assaulted more than 30 times. *Id.* He asserts that the government actions violated various provisions of the U.S. Code relating to criminal conspiracy and his civil rights. *Id.* Mr. Okoro requests $990,900,000 from the state of Minnesota for the more than 400 days he spent imprisoned and the harms he alleges he experienced while in custody. *Id.*

1

## II.     Discussion

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1). "Jurisdiction under the Tucker Act is exclusive in the Court of Federal Claims for claims above $10,000." *Kanemoto*, 41 F.3d at 644. The Tucker Act provides this court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court has therefore exercised its discretion in this case to examine the pleadings and record "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). Under this court's rule 12(h)(3), the court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." RCFC 12(h)(3); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)). Therefore, even if not disputed by a party, the court may challenge subject matter jurisdiction sua sponte. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

### A.     This court lacks jurisdiction over Mr. Okoro's complaint

Even liberally construed, this court does not have jurisdiction over Mr. Okoro's complaint. Mr. Okoro's claims are against county and state governments and officials of those governments. ECF No. 1 (naming the state of Minnesota, Hennepin County, and Ramsey County). This court does not have jurisdiction over state and local entities; it only has jurisdiction over claims against the federal government. 28 U.S.C. § 1491; *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." (citations omitted)); *Curry v. United States*, 787 Fed. App'x 720, 722-23 (Fed. Cir. 2019) (holding that the Court of Federal Claims lacks jurisdiction to hear cases asserted against states, localities, and employees of those governments in both their official and personal capacities). Because Mr. Okoro does not bring a claim against the federal government, this court must dismiss his complaint for lack of jurisdiction.

The court also lacks jurisdiction over the statutory causes of action listed as the bases for Mr. Okoro's claim. Mr. Okoro's complaint alleges law enforcement misconduct. But the Court of Federal Claims lacks jurisdiction to compensate for that kind of conduct. *Zakiya v. United States*, 79 Fed. Cl. 231, 234-35 (2007), *aff'd,* 277 F. App'x 985 (Fed. Cir. 2008) ("The Court of Federal

Claims does not have the power … to review in detail the facts surrounding a conviction or imprisonment."). In fact, this court does not have the authority to entertain "any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). This includes Mr. Okoro's claims arising under Title 18 statutes. ECF No. 1 at 4.

The court also cannot address claims arising from the Civil Rights Acts provisions cited in the complaint. *Joshua*, 17 F.3d at 379 (citing 42 U.S.C. §§ 1983, 1985, 1986); *see Shelden v. United States*, 742 Fed. App'x 496, 501 (Fed. Cir. 2018) (jurisdiction over claims for Civil Rights Acts violations "vest exclusively in the federal district courts" (citing 28 U.S.C. §1343(a)(4))); *see also Jefferson v. United States*, 104 Fed. Cl. 81 (2012) (listing cases holding that this court does not have jurisdiction over any of the three sections Mr. Okoro cites).

And to the extent that Mr. Okoro alleges tortious conduct, his claims must be dismissed for that additional reason. *See Jackson v. United States*, 162 Fed. Cl. 282, 292-93 (2022) (the court lacks jurisdiction over claims of law enforcement and prosecutorial misconduct, civil conspiracy, collusion, misrepresentation, and concealment); *see also Cochran v. United States*, 250 F.3d 754 (Fed. Cir. 2000) (table) (affirming that this court lacks jurisdiction for false imprisonment and unjust conviction tort claims). The Tucker Act expressly excludes tort claims from this court's jurisdiction. 28 U.S.C. §1491(a).

For each of these reasons, the court lacks jurisdiction over Mr. Okoro's complaint.

### B.     In forma pauperis

Under 28 U.S.C. § 1915, a litigant may move to proceed in forma pauperis, entitling him to relief from the costs and fees associated with initiating a lawsuit. The court has discretion to grant such motions whenever it determines, based on the financial information submitted, that the plaintiff is unable to pay the requisite filing fee. *Brestle v. United States*, 139 Fed. Cl. 95, 103 (2018); *see also Colida v. Panasonic Corp. of N. Am.*, 374 F. App'x 37, 38 (Fed. Cir. 2010). The threshold to establish the need to proceed in forma pauperis is not high. *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). "[P]auper status does not require absolute destitution, the question is whether the court costs can be paid without undue hardship." *Chamberlain v. United States*, 655 Fed. App'x 822, 825 (Fed. Cir. 2016) (quotation omitted).

In his application, Mr. Okoro attests that he receives a gross yearly employment salary of $36,000. ECF No. 2 at 1-2. This is his sole source of income. *Id.* Most of his monthly net income ($2,500) covers his monthly expenses ($2,150) which includes supporting his grandmother. *Id.* at 2. Mr. Okoro also states that he has $20 in cash or savings. *Id.* Although Mr. Okoro's complaint concerns allegations of imprisonment, he is not currently incarcerated. *Id.* at 1.

Mr. Okoro's disclosed financial circumstances fall within the range of that of other plaintiffs who have been granted in forma pauperis status. For example, in *Conner v. United States*, this court granted in forma pauperis status to a plaintiff who similarly had negligible savings and had a higher monthly surplus income than Mr. Okoro. No. 21-2057, 2022 WL 2231222 at *3 (Fed. Cl. June 21, 2022), *aff'd*, No. 2023-1316, 2023 WL 5011753 (Fed. Cir. Aug. 7, 2023). The $350 surplus Mr. Okoro attests he receives each month is less than this court's total filing fee. *Cf. id.*; *U.S.*

*Court of Federal Claims Schedule of Fees*, United States Court of Federal Claims (eff. Dec. 1, 2023), https://www.uscfc.uscourts.gov/sites/default/files/fee_schedule_20231201.pdf ($405.00 total filing fee). That Mr. Okoro is "able to provide himself and dependents with the necessities of life" does not exclude him from in forma pauperis status. *Adkins*, 335 U.S. at 339. Mr. Okoro has sufficiently demonstrated that paying the filing fee would impose on him an undue hardship.

### III. Conclusion

For the reasons stated above, this court **grants** Mr. Okoro's motion to proceed in forma pauperis and **dismisses** Mr. Okoro's complaint for lack of subject-matter jurisdiction. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge